# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50343
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Balderrama,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CR-141-1

———————————————————————

Before Haynes, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Francisco Balderrama, federal prisoner # 27085-180, appeals the denial of his omnibus motion for a (i) sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the Sentencing Guidelines; (ii) sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) (FSA); and (iii) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Our review is

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for abuse of discretion. *See United States v. Stewart*, 964 F.3d 433, 435 (5th Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

As to (i), above, Balderrama shows no abuse of discretion in the district court's conclusion that Amendments 782 and 788 did not lower his statutorily mandated life sentence for his continuing criminal enterprise (CCE) offense under 21 U.S.C. § 848(b)(1)(A). *See Calton*, 900 F.3d at 710. His argument that the drug quantity used to enhance his sentence for his CCE offense to life imprisonment was never alleged in his indictment or proven to a jury is factually incorrect and, in any event, not cognizable in the context of a § 3582(c)(2) proceeding. *See United States v. Whitehead*, 55 F.3d 1007, 1011 (5th Cir. 1995).

As to (ii), above, to be eligible for relief under § 404, a defendant must have violated a statute, the penalties for which were modified by specific provisions of the Fair Sentencing Act of 2010. *See Concepcion v. United States*, 597 U.S. 482, 495-96 (2022). Those provisions of the Fair Sentencing Act modified the penalties for crack-cocaine offenses. *See id.* at 488; Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372 (2010). Because Balderrama was not convicted of any crack-cocaine offenses, he has shown no abuse of discretion in the district court's conclusion that he was ineligible for relief under § 404 of the FSA. *See Stewart*, 946 F.3d at 435.

As to (iii), above, Balderrama fails to demonstrate any abuse of discretion in the district court's conclusion that he failed to demonstrate that extraordinary and compelling circumstances exist for compassionate release. *See Chambliss*, 948 F.3d at 693. Because Balderrama has not shown that the district court abused its discretion in denying his motion on the basis that he did not present extraordinary and compelling reasons, we need not reach his

No. 24-50343

arguments as to the district court's consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

AFFIRMED.